## ARGUED AND DETERMINED

#### IN THE

# 𝕾𝖚𝖕𝖗𝖊𝖒𝖊 𝕮𝖔𝖚𝖗𝖙

#### OF THE

# STATE OF LOUISIANA.

REPPLIER
vs.
SYNDICS OF
GOW.

## REPPLIER vs. SYNDICS OF GOW.

If the wife has no property at the time of her marriage, and until the failure of herself and husband, the goods she attempted to pledge made part of a stock which was managed by the husband under her name, who acted as owner of it, except in the case of the pledge in which he is named as a third person to hold the goods, which he continued to retail as before, and there is no proof of a separation of property between them, it cannot be concluded that the stock of goods were other than community property. In such a case the husband cannot be considered as a third person holding the property for the pledgee.

APPEAL from the court of the first district.

The plaintiff claimed to be placed on the bilan of the insolvents as a privileged creditor, by virtue of an act, wherein the wife, one of the insolvents to secure the payment of six

Eastern Distric.
June, 1830.

REPPLIER
vs.
SYNDCS OF
Gow

thousand dollars, represented herself as a public merchant, and pledged to him a slave 'and all her stock in trade.    In the act it was stipulated that the goods pledged were put and should remain in the possession of the husband as a third person agreed upon by the parties.    The act was passed on the twenty-eight of July 1829, and the failure of the husband and wife took place in November of the same year. The business of the store, buying and selling goods, had been conducted entirely by the husband in the name of his wife prior to the execution of the act of pledge, and he continued in the same manner to transact the business up to the time of the failure.    There was no evidence that the wife was possessed of any property at the time of her marriage, or that she had subsequently acquired any either by donation or inheritance.    The court below dismissed the opposition, and the plaintiff appealed.

*Duncan,* for appellant.

The error of the court below is this, that the act of pledge making full faith between the parties to it, and not entered into at a suspicious time is binding on the creditors, and therefore Repplier is entitled to be placed on the tableau,

Eastern District. as a privileged creditor, for the full amount of
*June*, 1830.   the proceeds of the sale of the goods pledged
Reppliex    to him.   C. C. art. 3121, 3122, 3123, 3124,
*vs*
Syndics of  and 3125.   *Martin's Reports*, n. s. vol. 5,
Gow,        p. 618.

*Preston*, contra.

This case presents a question of fact, whether
the pledgee was put into the possession of the
pledge, and the decision of the inferior court
should prevail as to the fact of possession.
The goods were changed every day as appears
by the testimony, and intended to be thus
changed from the very nature of the business,
being a retail store.   All the property pledged
was acquired after the marriage, and therefore
belonged to the community existing between
the husband and wife, and of which the ad-
ministration belonged to the husband.   C. C.
*art.* 2369, 2371, 2373.   He is therefore in
the act produced the real pledgor, and by the
very act is to remain in the possession of the
pledge.   But possession by the creditor of the
thing pledged is of the essence of the contract
of pledge.   C. C. *art.* 3119, 3129.   The
principle is extended to the antichrisis as well
as the pawn.   C. C. *art.* 3146, 3148, 3131,
3133, 3135, and 3140.   As to the necessity

of actual possession in the creditor, and this possession must be real, not constructive. 8 *Mart. R.* 57, 58.

MATHEWS, J. delivered the opinion of the court. In this case the opposing creditor claims a privilege on the estate of the insolvents to the amount of six thousand dollars, alleging, that property to that amount had been pledged to him by Mrs. Gow, who represented herself in the act by which the pledge was made as a public merchant. He is placed on the bilan as a privileged creditor only for one thousand one hundred and ninety-three dollars and twenty-two cents. And made opposition to its homologation, which being overruled in the court below, he took the present appeal.

In support of the privilege claimed by the appellant, reliance is had on the notarial act by which a slave and personal property were pledged for the amount claimed.

In opposition to this claim of privilege, it is contended on the part of the syndics

1. That the goods pledged or given in pawn were never delivered to the pledgee or any third person to be held for him.

Eastern District.
*June*, 1830.

REPPLIER
*vs.*
SYNDICS OF
GOW.

2. That the act of pledge was made at a suspicious time, and under fraudulent circumstances.

The evidence of the case shows, that Mrs. Gow had no property at the time of her marriage; that from the eighteenth of February 1829, until the failure of her and husband in November of the same year, the business relating to the store of goods which she undertook to pledge to the appellant in July, (about three months previous to the cession of property made by the insolvents) was carried on in her name, by the agency of her husband; who seems to have acted in all things relative to this commercial business as owner of the goods, except the single act by which Mrs. Gow entered into the contract of pledge with the present opposing creditor.

By this act her husband was substituted by the consent of the contracting parties as a third person to hold the property pledged, he continued afterwards to retail the goods of the store in the ordinary mode of doing such business. The record affords no evidence of a separation of property between Gow and his wife, previous to the

time at which she assumed the character of a public merchant and sole trader. These facts preclude the possibility of belief, that the capital by which this commerce was carried on was other than the common property of the husband and wife, or perhaps that of the former alone. In either circumstances he cannot be considered as a third person capable of holding it for the creditor to whom the pledge was given, in conformity with the provision of the *art.* 3129 of the *L. C.*

If it was property common as being acquests and gains, the husband had a right to administer and dispose of it as his own. Considered as his *biens propres* the wife had still less right to assume over it the authority of an owner. As we are clearly of opinion that the contract of pledge or pawn, from all the circumstances attending it, gives no privilege or preference to the appellant; it is unnecessary to investigate the other grounds by which his claim would probably be equally defeated.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

REFFLIER
*vs.*
SYNDICS OF
GOW.

If the wife has no property at the time of her marriage, & until the failure of herself and husband, the goods she attempted to pledge made part of a stock which was managed by the husband under her name, who acted as owner of it, except in the case of the pledge in which he is named as a third person to hold the goods, which he continued to retail as before, and there is no proof of a separation of property between them, it cannot be concluded that the stock of goods were other than community property. In such a case the husband cannot be considered as a third person holding the property for the pledgee.